PURRINGTON & McCONNELL
John H. McConnell (JM-6374)
82 Wall Street – Suite 1110
New York, New York 10005
(212) 943-5757

**08 CV 3915 (RWS)**

RECEIVED
APR 25 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x

RIMAC INTERNACIONAL CIA. DE SEGUROS Y REASEGUROS, S.A.
a/s/o Telefonica Moviles S.A.,

Plaintiff,

-against-

COMPLAINT

EXEL GLOBAL LOGISTICS, INC., CIELOS DEL PERU S.A., GALAXY AVIATION CARGO INC., CHECKMATE PRIORITY EXPRESS, INC., and CONTINENTAL FREIGHTWAYS, INC. d/b/a Fineline Trucking,

Defendants.
---------------------------------------x

The Plaintiff herein by its attorneys, Purrington & McConnell, complaining of the above-named defendants, alleges upon information and belief:

FIRST: This Court has jurisdiction of these claims pursuant to 28 U.S.C. §1331 in that they arise under the laws and treaties of the United States, including the Warsaw Convention, 49 Stat. 3000, with respect to one or more claims, and fall within the Court's federal question, pendent, ancillary, and/or supplemental jurisdiction as to the remaining claims.

SECOND:   In the alternative, this Court has diversity jurisdiction of this action under 28 United States Code §1332, in that the plaintiff is an entity incorporated in and the subject of a foreign state; the defendants are corporations incorporated or existing under the laws of one or more of the states of the United States; and the matter in controversy exceeds the sum or value of eight hundred thousand dollars, exclusive of interest and costs.

THIRD:   At all material times hereinafter mentioned, plaintiff, RIMAC INTERNACIONAL CIA. DE SEGUROS Y REASEGUROS, S.A., was and still is an insurance company incorporated in and existing under the laws of the state of Peru, and is a citizen and subject of the Sovereign State of Peru, a foreign state, domiciled at, and with an office and place of business at, 475 Las Begonias - 3rd Floor, San Isidro, Lima, Peru; and is the subrogee of Telefonica Moviles S.A., of Lima Peru (hereinafter "Telefonica").

FOURTH:   At all material times hereinafter mentioned, defendant, EXEL GLOBAL LOGISTICS INC. (hereinafter "Exel"), was and still is a corporation organized under the laws of one of the states of the United States, with an agency or office and place of business at 230-39 Industrial Airport Center Blvd., Suite 1000 Building B, Springfield Gardens, New York  11413.

FIFTH: At all material times hereinafter mentioned, defendant, CIELOS DEL PERU S.A. (hereinafter "Cielos"), was and still is a corporation organized under the laws of one of the states of the United States, and now operating under the name Cielos Airlines, with an agency or office and principal place of business at 1851 N.W. 68th Avenue, Bldg. 706, Suite 225, Miami, Florida 33122.

SIXTH: At all material times hereinafter mentioned, defendant, GALAXY AVIATION CARGO INC. (hereinafter "Galaxy"), was and still is a corporation organized under the laws of one of the states of the United States, and now operating under the name Galaxy Centurion Air Cargo, and may be or is a subsidiary of Cielos Airlines, with an agency or office and place of business at 600 Bayview Avenue, Inwood, NY 11096.

SEVENTH: At all material times hereinafter mentioned, defendant, CHECKMATE PRIORITY EXPRESS, INC. (hereinafter "Checkmate"), was and still is a corporation organized under the laws of one of the states of the United States, with an agency or office and place of business at 3340 D Greens Road – Suite 700, Houston, Texas 77032.

EIGHTH: At all material times hereinafter mentioned, defendant, CONTINENTAL FREIGHTWAYS, INC. d.b.a Fineline Trucking, (hereinafter Continental”), was and still is a corporation organized under the laws of one of the states of the United States, with an agency or office and place of business at 3560 N.W. 34th Street, Miami, Florida 33142, or alternatively, at 12800 N.W. 113th Ct., Medley, Florida 33178.

NINTH: At and during all the times hereinafter mentioned, the defendants were common carriers of merchandise for hire and owned, operated, managed, chartered and/or controlled the aircraft, vehicles, trucks, trailers, properties, and warehouses that were used or were to be used for the movement, storage and delivery of the cargo which is the subject of this action.

TENTH: The cargo which is the subject of this action consisted of two lots totaling 15,000 Nokia cell phones, purchased by the plaintiff’s subrogor from Nokia, Inc., of Ft. Worth, TX.

ELEVENTH: The first lot is described as 10,000 phones, Model 1600bMSPE_LS, with a unit value of US$57.00 each, for a total value of $570,000.00. They were packaged 5 phones to a box, for a total of 2,000 boxes. The total weight of this lot was 11,375 pounds (5,175 kilograms).

   TWELFTH: The second lot is described as 5,000 phones, Model 3220BMSPE_SLS MX, with a unit value of US$90.00 each, for a total value of $450,000.00. They were packaged 5 phones to a box, for a total of 1,000 boxes. The total weight of this lot was 5,795 pounds (2,584 kilograms). 2534 + 114 = 2648

THIRTEENTH: At the time of this loss, plaintiff's subrogor Telefonica had a contract with defendant Exel's Peruvian counterpart, Exel Global Logistics Sucursal del Peru S.A., (hereinafter "Exel Peru"), for the integrated transportation and customs clearance and delivery of all of its' international cargo.

FOURTEENTH: When this cargo shipment was scheduled, Exel Peru contacted defendant Exel to commence the transportation. The defendant Cielos was nominated to perform the air transport.

FIFTEENTH: On or about April 25, 2006, the defendant Exel issued house airwaybills (HAWB) numbers DFW01 274776 and DFW01 274777 for the transportation of the two lots of mobile phones, from the shipper Nokia's Irving, TX warehouse, to the consignee Telefonica's Lima, Peru facility. The departure airport was listed as Dallas-Fort Worth (DFW) International airport. True copies of these two airwaybills are attached hereto, and form a part hereof.

SIXTEENTH: The 2,000 box lot of cargo, on 25 pallets, was allegedly received into an Exel warehouse or freight station on or about April 24, 2006, from an Exel truck under Pro No. 275518 and placed at warehouse location DFW01-A-1; Warehouse Receipt Number 24047070 was issued. A true copy of this warehouse receipt is attached hereto, and forms a part hereof.

SEVENTEENTH: The 1,000 box lot of cargo, on 13 pallets, was allegedly received into an Exel warehouse or freight station on or about April 27, 2006, from an Exel truck under Pro No. 275864 and placed at warehouse location DFW01-B-1; Warehouse Receipt Number 24047266 was issued. A true copy of this warehouse receipt is attached hereto, and forms a part hereof.

EIGHTEENTH: On or about April 24, 2006, the defendant Cielos issued a master airwaybill (MAWB) number 529 1143 4975 to defendant Exel as shipper, for the transportation of both lots of mobile phones together, from the defendant Exel’s Dallas-Fort Worth area facility, to the consignee DHL Danzas Air & Ocean Peru S.A., who was an agent for defendant Exel in Lima, Peru.

NINETEENTH: Defendant Exel then contacted Cielos’ subsidiary Galaxy to fulfil the transportation.

TWENTIETH: For reasons that are not entirely clear, defendant Galaxy was unable to transport the cargo by air directly from Dallas, TX, either to Miami or to Lima, and thereupon opted to subcontract the services of defendant Checkmate to move the cargo by truck from Dallas to Miami.

TWENTY-FIRST: Defendant Checkmate issued Bill of Lading Number 136971 dated April 25, 2006 for transportation of the cargo from Coppell, TX to Miami, FL. The shipper is listed as the defendant Exel, and the consignee is shown as the defendant Cielos. A true copy of this bill of lading is attached hereto, and forms a part hereof.

TWENTY-SECOND: The destination shown on defendant Checkmate’s bill of lading is Cielos’ facility serving the Miami International Airport (MIA). The lading also appears to show that a Checkmate truck driver picked up the cargo from defendant Exel.

TWENTY-THIRD: Alternatively, one of the defendants picked up the cargo from the shipper Nokia, or other location, and moved it to a Dallas-Ft. Worth area location for transfer to defendant Continental.

TWENTY-FOURTH: Thereafter, the defendant Checkmate contracted with the defendant Continental to effect the actual transportation of the cargo to Miami.

TWENTY-FIFTH: The defendant Continental's appointed driver, Juan A. Artze, picked up the cargo in the Dallas-Ft. Worth area on or between April 25th through April 27th, 2006. The transport vehicle was a 2004 Freightliner tractor, Florida license plate A8829U, coupled to a 53' Continental utility trailer, Florida license plate C7868T.

TWENTY-SIXTH: The entire tractor and trailer unit was hi-jacked in Port Lucie County, Florida, between about 1:30 a.m. and about 3:00 a.m. on April 28, 2006, while the driver was eating and taking a shower at the Flying J Truck Stop, 100 North Kings Highway, Ft. Pierce, FL, and before the cargo was delivered to Galaxy in Miami.

TWENTY-SEVENTH: The driver called the police, and police and FBI personnel investigated the incident. The Freightliner tractor was recovered by the Hialeah, FL police, without the trailer, on May 1, 2006, at the Gunderlin Ltd. parking lot at 3695 E. 11th Avenue, Hialeah, FL.

TWENTY-EIGHTH: The utility trailer, without any of the cargo, was recovered by the Miami-Dade, FL police on May 1, 2006, on the roadside near 3345 N.W. 116th Street, Miami, FL.

TWENTY-NINTH: The defendants received, accepted and agreed to transport the goods as described in the aforesaid warehouse receipts, airwaybills, and bills of lading, as common carriers, from Dallas, TX to Lima, Peru, and there deliver the same in like order and condition as when shipped, all in consideration of agreed freights thereupon paid or agreed to be paid, and in accordance with the valid terms of said warehouse receipts, airwaybills, and bills of lading above referred to then and there signed and delivered to the various shippers by the duly authorized agents of the defendants.

THIRTIETH: The defendants failed to make delivery of the cargo that had been shipped.

THIRTY-FIRST: By reason of the premises, the defendants breached, failed and violated their duties and obligations as common carriers, warehousemen, and bailees, and were otherwise at fault in negligence, or otherwise.

THIRTY-SECOND: At all material times plaintiff or plaintiff’s subrogor was the insurer, shipper, owner, receiver, and / or the consignee of the shipments described herein, and as holder of the covering bills of lading was entitled to the delivery of said merchandise at destination in the same good order

and condition as when shipped, and plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear.

  THIRTY-THIRD: Plaintiffs have duly performed all duties and obligations on their part to be performed.

  THIRTY-FOURTH: By reason of premises, plaintiff has suffered damages in the sum of US$ 804,153.34, as nearly as may now be determined, no part of which has been paid, although payment thereof has been duly demanded.

  WHEREFORE, Plaintiff prays:

  1. That the process in due form of law according to the practice of this court may issue against each of the said defendants, citing them to appear and answer under oath all and singular the matters aforesaid;

  2. That the Court will order, adjudge and decree that said defendants pay to plaintiff the damages sustained together with interest thereon and the costs and disbursements of this action; and

3. That plaintiff may have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: New York, New York
April 25, 2008

PURRINGTON & McCONNELL
Attorneys for Plaintiff

By: *John H. McConnell*
John H. McConnell (JM-6374)

82 Wall Street
New York, New York 10005
(212) 943-5757

exel

Air Waybill

Exel Global Logistics Inc
4120 Point Eden Way - Suite 200, Hayward, CA 94545

Shipper's Name and Address: NOKIA MOBILE PHONES, 6000 ALLIANCE GATEWAY, ATTN: LINDA O'CONNOR, FORT WORTH TX 76177 US

Consignee's Name and Address: TEL:149552000 — Consignee's account number: 1000234578

TELEFONICA MOVILES S.A.
AV. WASHINGTON 1333
LIMA 01
PERU

Issuing Carrier's Agent Name and City

MAWB NO. 539-1143 4975

Agent's IATA Code / Account No.

Accounting Information: Factory Order No. 4051336, 24046026, P.O.NBR: TM-912-A-0059-06, TM-912-A-0059-06

Airport of Departure (Addr. of first Carrier) and requested Routing: DALLAS F.W. INTERNATIONAL

| to | By first Carrier | to | by | to | by | Currency | Declared Value for Carriage | Declared Value for Customs |
|---|---|---|---|---|---|---|---|---|
| MIA | A2 | LIM | A2 | | | USD | NVD | 450000 |

Airport of Destination: LIMA — Flight/Date: A2999/25, A2555/27 — Amount of Insurance: XXX

Handling Information: DOCS ATTACHED: COMM INV. 87227690 KNOWN PER TSA D/B, TSA VERIFICATION #, P273DT1SWNP2064, NDR AES 13-2622043, -1008240918

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversion contrary to U.S. Law Prohibited.

| No. of Pieces RCP | Gross Weight | kg lb | Rate Class / Commodity Item No. | Chargeable Weight | Rate / Charge | Total | Nature and Quantity of Goods (incl. Dimensions or Volume) |
|---|---|---|---|---|---|---|---|
| 25 | 5175.0 | KR | 9999 | 6032.5 | 1.85 | 11160.13 | TELEPHONE PARTS |
| VOL & DIMS CONTD | | | CMT | | CMT | | VOL:36.193MTQ DIMS: 25 @ 121.9x101.6x116.8 |
| 25 | 5175.0 | | | | | 11160.13 | |

| Prepaid | Weight Charge | Collect |
|---|---|---|
| | 11160.13 | |

Other Charges: ATF 0, FSF 175.00, PUP 5730.86, DXH 0, FSE 1387.48

Valuation Charge / Tax / Total other Charges Due Agent / Total other Charges Due Carrier: 7293.36

Shipper certifies that the particulars on the face hereof are correct and that insofar as any part of the consignment contains dangerous goods, such part is properly described by name and is in proper condition for carriage by air according to the applicable Dangerous Goods Regulations.

EXEL GLOBAL LOGISTICS INC
FOR NOKIA MOBILE PHONES
Signature of Shipper or his Agent

Carrier certifies that the goods described herein were received for carriage subject to the Conditions of Contract on the reverse hereof the goods then being in apparent good order and condition except as may be noted hereon.

Total prepaid / Total collect

25Apr06 — DFW — EXEL GLOBAL LOGISTICS INC
Executed on (Date) at (Place) Signature of Issuing Carrier or its Agent

Currency Conversion Rates / CC charges in Dest. Currency: 18453.49

For Carrier's Use only at Destination / Charges at Destination / Total collect Charges

Original 3 – For Shipper

DFW01 274777

CERTIFICO QUE LA PRESENTE COPIA FOTOSTATICA ES IGUAL AL DOCUMENTO ORIGINAL QUE HE TENIDO A LA VISTA
LIMA.......DE 16 MAR 2007 ........DE............

COLEGIO DE NOTARIOS DE LIMA

Not Negotiable
Air Waybill
Issued by
EXEL

NOKIA NET-PCCP
600 CONNECTION DRIVE
BLDG 4 REC
IRVING

Consignee's Name and Address — Consignee's Account Number

TEL:149552000 1000234578

TELEFONICA MOVILES S.A.
AV. WASHINGTON 1338

LIMA 01 PE

Exel Global Logistics Inc
4120 Point Eden Way - Suite 200, Hayward, CA 94545

Copies 1, 2 and 3 of this Air Waybill are originals and have the same validity.

It is agreed that the goods described herein are accepted for carriage in apparent good order and condition (except as noted) and SUBJECT TO THE CONDITIONS OF CONTRACT ON THE REVERSE HEREOF. ALL GOODS MAY BE CARRIED BY ANY OTHER MEANS INCLUDING ROAD, RAIL, WATER OR ANY OTHER CARRIER UNLESS SPECIFIC CONTRARY INSTRUCTIONS ARE GIVEN HEREON BY THE SHIPPER, AND SHIPPER AGREES THAT THE SHIPMENT MAY BE CARRIED VIA INTERMEDIATE STOPPING PLACES WHICH THE CARRIER DEEMS APPROPRIATE. THE SHIPPER'S ATTENTION IS DRAWN TO THE NOTICE CONCERNING CARRIER'S LIMITATION OF LIABILITY. Shipper may increase such limitation of liability by declaring a higher value for carriage and paying a supplemental charge if required.

Issuing Carrier's Agent Name and City

Accounting Information

Factory Order No. 4051336, 24046820,
P.O.NBR: TM-912-A-0059-06

MAWB NO. 529 1443 4525

Agents IATA Code — Account No

Airport of Departure (Addr. of first Carrier) and requested Routing

DALLAS F.W. INTERNATIONAL

| to | By first Carrier | to | by | to | by | Currency | CHGS Code | WT/VAL PPD | COLL | Other PPD | COLL | Declared Value for Carriage | Declared Value for Customs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MIA | AA | LIM | AA | | | USD | | | X | | X | NVD | 570000 |

| Airport of Destination | Flight/Date | Flight/Date | Amount of Insurance |
|---|---|---|---|
| LIMA | A2999/23 | A2535/27 | XXX |

INSURANCE - If carrier offers insurance and such insurance is requested in accordance with conditions on reverse hereof, indicate amount to be insured in figures in box marked amount of insurance.

Handling Information

DOCS ATTACHED: COMM INV. 87235309
KNOWN SHIPPER, NDR A55 13-2622043, -1008240915

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversion contrary to U.S. Law Prohibited.

| No. of Pieces RCP | Gross Weight | kg lb | Rate Class / Commodity Item No. | Chargeable Weight | Rate / Charge | Total | Nature and Quantity of Goods (incl. Dimensions or Volume) |
|---|---|---|---|---|---|---|---|
| 13 | 2584.0 | KR | 9999 | 3079.5 | 1.85 | 5697.08 | TELEPHONE PARTS |
| VOL & DIMS CONTD: 12 @ 121.9x101.6x116.3 CMT | | | | | | | VOL:18.475MTQ DIMS: 1 @ 121.9x101.6x88.9 CMT |
| 13 | 2584.0 | | | | | 5697.08 | |

| | Prepaid | Collect | Other Charges |
|---|---|---|---|
| Weight Charge | 5697.08 | | ATC 0 / DXH 0 / ESS 175.00 / FSE 708.29 / PUP 2925.53 |
| Valuation Charge | | | |
| Tax | | | |
| Total other Charges Due Agent | | | |
| Total other Charges Due Carrier | 3808.82 | | |
| Total prepaid | | Total collect | |
| Currency Conversion Rates | 9505.90 | cc charges in Dest. Currency | |
| For Carriers Use only at Destination | | Charges at Destination | Total collect Charges |

Shipper certifies that the particulars on the face hereof are correct and that insofar as any part of the consignment contains dangerous goods, such part is properly described by name and is in proper condition for carriage by air according to the applicable Dangerous Goods Regulations.

EXEL GLOBAL LOGISTICS INC
FOR NOKIA NET-PCCP

Signature of Shipper or his Agent

Carrier certifies that the goods described hereon were received for carriage subject to the Conditions of Contract on the reverse hereof the goods then being in apparent good order and condition except as may be noted hereon.

25APR06 (Date) DFW (Place) EXEL GLOBAL LOGISTICS INC
Executed on — at — Signature of Issuing Carrier or its Agent

E-228-C (1/05) Original 3 – For Shipper ORIGINAL

DFW01 274776

CERTIFICO QUE LA PRESENTE COPIA FOTOSTATICA ES IGUAL AL DOCUMENTO ORIGINAL QUE HE TENIDO A LA VISTA

LIMA, 16 MAR. 2007 DE ......... DE .........

COLEGIO DE NOTARIOS DE LIMA

CONDITIONS OF CONTRACT

[illegible]

Exel Global Logistics
FSI - Freight Station Inventory

# WAREHOUSE RECEIPT

**FPUP** (Pickup from customer)
**FDLD** (Received into warehouse) :

| Shipper: | Trucker Name: | Trucker |
|---|---|---|
| EAGLE GLOBAL | EXEL | 275518 |

| Consignee: | Destination: |
|---|---|
| TELEFONICA / PERU | ?? |

Warehouse Location:
DFW01 - A-1

________ SKID(S) SAID TO CONTAIN ________ PIECE(S)

TO BE SHIPPED SKIDDED YES NO

| Piece(s) | Total Weight | Reweighed | |
|---|---|---|---|
| 25 | 5143.0 | | KGM. |

Dimension(s):

| PIECE(S) | L | W | H | WGT |
|---|---|---|---|---|
| 25 | 48.0 | 40.0 | 46.0 | 5143.0 |

24047070

Notepad:
rh
25 skids

Received By:
Fausto Najera - FIS Whrs

| Delivered By: | Delivered To: | | |
|---|---|---|---|
| MAWB (CONSOL) | HAWB | Cutoff | Charges: |

OnHand Print Form - Print Screen Case 1:08-cv-03919-AKH Document 1 Filed 04/25/2008 Page 16 of 17

Exel Global Logistics
FSI - Freight Station Inventory

# WAREHOUSE RECEIPT

**FPUP** (Pickup from customer) : 27-APR-2006 16:50:00 CST
**FDLD** (Received into warehouse) : 27-APR-2006 17:21:22 CST

| Shipper: | Trucker Name: | Trucker Pro No.: |
|---|---|---|
| NOKIA | EXEL | 275864 |

Consignee: TELEFONIA PERU

Destination: ??

Warehouse Location: DFW01 - B-1

________ SKID(S) SAID TO CONTAIN ________ PIECE(S)

TO BE SHIPPED SKIDDED YES NO

| Piece(s) | Total Weight | Reweighed | |
|---|---|---|---|
| 13 | 2648.0 | | KGM. |

Dimension(s):

| PIECE(S) | L | W | H | WGT |
|---|---|---|---|---|
| 12 | 48.0 | 40.0 | 47.0 | 2534.0 |
| 1 | 48.0 | 40.0 | 32.0 | 114.0 |

24047266

Notepad:
ZT

Received By:
Fausto Najera - FIS Whrs

| Delivered By: | Delivered To: | | |
|---|---|---|---|
| MAWB (CONSOL) | HAWB | Cutoff | Charges: |

http://sfo02/httpdev/onhand/onhprint.ndm/output?urn=0000555222&lib=USONHLIB&u21lib=U... 4/27/.

cielos claim (1698x2197x2 tiff) [2]

**CHECKMATE PRIORITY EXPRESS**
*The Evolution of Transportation*

DATE: 25APR06
BILL OF LADING # 136971

3340 D GREENS RD. SUITE 700, HOUSTON, TEXAS 77032, (281) 219-6611 PHONE, (281) 219-6648 FAX
749 PORT AMERICA PLACE, SUITE 150, GRAPEVINE, TX 76051, (817) 481-8111 PHONE, (817) 481-2397 FAX
8018 NW 29TH STREET, MIAMI, FL 33122, (305) 477-0103 PHONE, (305) 477-4308 FAX

| SHIPPER NO. | CONSIGNEE NO. |
|---|---|
| PREPAID ☐ EXEL GLOBAL LOGISTICS | COLLECT XX CIELOS DEL PERU |
| SHIPPER | CONSIGNEE |
| STREET 600 FREEPORT PKWY #200 | STREET MIAMI INT'L AIRPORT |
| CITY / STATE / ZIP CODE: COPPELL, TX 75109 | CITY / STATE / ZIP CODE: MIAMI, FL |

"The Shipper Agrees and Declares that the Value to the Property is Released to an Amount not Exceeding $50.00 for Any Shipment of 100 Pounds or Less and Not Exceeding 0.50 Cents Per Pound for Shipments Weighing in Excess of 100 Pounds." Claims must be filed within 72 hours of delivery.

Higher Declared Values must be Quoted and Confirmed one week prior to shipment

| NO. OF PIECES | DESCRIPTION OF PIECES – SPECIAL MARKS | WEIGHT | RATE | CHARGES |
|---|---|---|---|---|
| 38 | 529-1143 4975 | 17,105# | | FREIGHT CHARGES |
| | TELEPHONE PARTS | | | PICK UP |
| | | | | DELIVERY |
| | ***** CHARGES TO A2 AIRLINES.****** | | | VALUATION CHARGES |
| | | | | PROTECT CHARGES |
| | | | | WAITING TIME |
| | | | | EXCLUSIVE USE |
| | | | | ADVANCE CHARGES |
| | | | | C.O.D. → |
| | | | | C.O.D. FEE → |
| | | | | $ $ |

▲ TOTAL CHARGES ▲

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Signature of Consignor

BONDED SHIPMENT IT #

SPECIAL INSTRUCTIONS

RECEIVED BY DRIVERS NAME
DRIVER'S SIGNATURE
DATE
TRUCKING COMPANY
TRUCK #
TRAILER #

THIRD PARTY BILLING
NAME
ADDRESS
CITY & STATE

RECEIVED BY CONSIGNEE:
DATE

NOT RESPONSIBLE FOR CONCEALED DAMAGE – NOT RESPONSIBLE FOR FREIGHT CLAIMS AFTER 72 HRS.

ORIGINAL – WHITE DRIVER – CANARY CONSIGNEE – PINK SHIPPER – GOLDENROD